CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 0 8 2006
JOHN F. CORCORAN, CLERK
BY: /s/ J. Bught
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| NOAH CAMPBELL,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 4:06cv00030<br>)<br>) |
| JANICE RANDALL, et al.,<br>    Defendant. | ) By: Hon. Michael F. Urbanski<br>)      United States Magistrate Judge |

## ORDER

This matter is before the court on plaintiff Noah Campbell's motion for an award of his attorney's fees and costs incurred in connection with a settlement conference conducted on September 25, 2006. A telephone hearing was held on November 7, 2006, and after argument, the court denied plaintiff's motion for sanctions and advised the parties that a order memorializing the court's decision would be forthcoming.

Campbell asserts that defendants did not participate in the settlement conference in good faith because defendants failed to supply financial information which would allow plaintiff's counsel to evaluate any settlement offer. Specifically, he contends that during pre-settlement discussions, defendant's counsel led plaintiff's counsel to believe that defendants would produce financial documentation at the settlement conference sufficient to provide some evaluation of defendants' claim of poverty. Further, plaintiff's counsel noted that had he known that the defendants would not provide any financial information at the settlement conference, he would not have spent the time and money to prepare for and attend the settlement conference. As such, plaintiff contends that defendants did not act in good faith as regards the predicate for the settlement conference.

Defendants assert that they had objected to discovery requests regarding plaintiff's finances and further argued that there was no order, statute, or case authorizing sanctions for bad faith conduct outside of the scope of Fed. R. Civ. P. 11. Further, defense counsel for Ms. Randall disputed that he had agreed to produce financial information concerning the Randalls at the settlement conference.

Contrary to defendants' argument, there is both a statutory and case law basis for imposing sanctions for bad faith conduct beyond the confines of Fed. R. Civ. P. 11. See Chambers v. NASCO, 501 U.S. 32, 44-45 (1991); 28 U.S.C. § 1927. However, the circumstances of this case suggest a misunderstanding, rather than bad faith. While the court appreciates plaintiff's frustration, there is no basis for an award of sanctions and Campbell's motion for costs and fees is DENIED.

The Clerk is directed to send a copy of this Order to counsel of record.

**ENTER:** This 8 day of November, 2006.

Michael F. Urbanski
United States Magistrate Judge